UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATHEW HOVIOUS,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>NAPHCARE, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:24-cv-00594-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Mathew Hovious, who is now incarcerated at Nevada Southern Detention Center, filed a civil rights complaint under 42 U.S.C. § 1983 while he was previously confined at the Washoe County Detention Facility. (ECF No. 7 ("Complaint").) The Court screened the Complaint, denied Plaintiff's motion for the appointment of counsel without prejudice, and found that Plaintiff stated colorable claims against Defendants Jacob Fowler and Naphcare under the Fourteenth Amendment (or alternatively, Eighth Amendment) for inadequate medical treatment. (ECF No. 6.) The Court granted Plaintiff 30 days to file a first amended complaint ("FAC") re-pleading claims against Washoe County and the forty-one individuals who were listed as Defendants on the Complaint form but not mentioned in the body of the Complaint. (*Id.*) Now before the Court are Plaintiff's motions to reconsider the denial of appointment of counsel (ECF No. 8) and to extend the time to file an optional FAC (ECF No. 9).

Plaintiff asks the Court to reconsider appointing him a free attorney because his claims have merit, he does not know the next step of this case, and he would like to amend his complaint to include allegations which occurred after the filing of the original complaint. (ECF No. 8.) Reconsideration is only appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v.*

*Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation omitted). Plaintiff's stated rationales for reconsideration do not fall into any of these categories, and the Court still finds that Plaintiff has not demonstrated that exceptional circumstances justify the appointment of counsel at this time. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting out the relevant "exceptional circumstances" standard for appointing counsel). Plaintiff's motion for reconsideration is thus denied.

The Court notes that the next step in this case is for Plaintiff to decide whether to file an optional FAC. If Plaintiff chooses to file a FAC, then the FAC will replace the original complaint, and the Court will screen the FAC in a separate order. If Plaintiff chooses not to file a FAC, then this action will proceed immediately against Defendants Jacob Fowler and Naphcare, and the Court will enter a separate order regarding service upon those two Defendants.

Plaintiff also asks the Court for an extension of 30 to 60 days to file a FAC. (ECF No. 9.) The Court grants Plaintiff a 30-day extension, so the new deadline for Plaintiff to file an optional FAC is August 29, 2025. As noted above, any FAC that Plaintiff files will replace the original complaint and be screened in a separate screening order.

It is therefore ordered that Plaintiff's motion to reconsider the appointment of counsel (ECF No. 8) is denied.

It is further ordered that Plaintiff's motion to extend the time to file a FAC (ECF No. 9) is granted. The deadline for Plaintiff to file an optional FAC is August 29, 2025.

It is further ordered that, if Plaintiff chooses not to file a FAC, this action will proceed immediately on the Fourteenth Amendment (or alternatively, Eighth Amendment) claims for inadequate medical treatment against Defendants Jacob Fowler and Naphcare.

DATED THIS 29th Day of July 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE