1

2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

3

4

MATHEW HOVIOUS,

Case No. 3:24-cv-00594-MMD-CSD

Plaintiff,

**ORDER**

5

v.

6

NAPHCARE, *et al.*,

7

Defendants.

8

9          On June 26, 2025, the Court issued a screening order allowing Plaintiff to proceed

10    with a Fourteenth Amendment (or, alternatively, Eighth Amendment) claim for inadequate

11    medical treatment against Defendants Jacob Fowler and Naphcare, dismissing several

12    other Defendants with leave to amend, and dismissing one Defendant with prejudice.

13    (ECF No. 6.) The Court later granted Plaintiff an extension of time to file an optional

14    amended complaint, resulting in a deadline of August 29, 2025. (ECF No. 10.) The Court

15    specifically stated that, if Plaintiff chose not to file an amended complaint, this action

16    would proceed only against Defendants Jacob Fowler and Naphcare. (*See id.*) Plaintiff

17    has not filed an amended complaint. Pursuant to the screening order, this action will

18    proceed only against Defendants Jacob Fowler and Naphcare.

19          It is therefore ordered that, pursuant to the Court's screening order (ECF No. 6),

20    this action will proceed only against Defendants Jacob Fowler and Naphcare.

21          The Clerk of Court is directed to (1) **issue summonses** for Defendants Jacob

22    Fowler and Naphcare, (2) **deliver those summonses** to the U.S. Marshal for service,

23    and (3) **send sufficient copies** of the Complaint (ECF No. 7) and this order to the U.S.

24    Marshal for service on Defendants.

25          The Clerk of Court is further directed to **send Plaintiff two USM-285 forms**.

26    Plaintiff will have **30 days** within which to furnish to the U.S. Marshal the required USM-

27    285 forms with relevant information as to each Defendant on each form.

28

It is further ordered that within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon Defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, he shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

DATED: September 9, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

2